KM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Ojeda Chang,<br><br>                Petitioner,<br><br>v.<br><br>United States Immigration and Customs Enforcement, et al.,<br><br>                Respondents. | No.   CV-25-02884-PHX-JAT (JZB)<br><br>**ORDER** |

      Self-represented Petitioner Juan Ojeda Chang, who is confined in the Eloy Detention Center, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will require an answer to the Petition.

**I.      Application to Proceed In Forma Pauperis**

      Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(c).

**II.     Petition**

      Petitioner alleges he entered the United States from Cuba in 1980 and was granted lawful permanent resident status. In 1988, he was issued a formal order of deportation and "placed under an order of supervision . . . which he has been fully complying with." In February 2025, ICE agents came into Petitioner's home in Maryland, without a warrant,

TERMPSREF

and arrested him. Petitioner was not provided a translator to explain what was happening, read his *Miranda* rights, or allowed to make a phone call or contact an attorney. Petitioner claims he was not given or made aware of any court dates or "given notice of when or if he will even [receive] any type of hearing to inform him why he is in custody and for how long."

In his Petition, Petitioner names the following Respondents: United States Immigration and Customs Enforcement (ICE), the Board of Immigration Appeals, United States Citizenship and Immigration Services (USCIS), United States Attorney General Pam Bondi, Eloy Detention Center Warden Figueroa, the United States Court of Appeals for the Ninth Circuit, the Office of Immigration Litigation, and the Office of the Chief Counsel. Petitioner raises four grounds for relief.

In **Ground One,** Petitioner alleges he has been detained by ICE beyond the removal period authorized by 8 U.S.C. § 1231(a)(6). Petitioner contends ICE is not likely to remove him in the near future.

In **Ground Two,** Petitioner alleges violations of his due process rights because ICE has detained him for a prolonged period of time.

In **Ground Three,** Petitioner claims violations of his Fourteenth Amendment rights because he is unlawfully imprisoned.

In **Ground Four,** Petitioner claims his Sixth Amendment rights have been violated because he has not been informed of the nature of the cause of action being brought against him.

Petitioner seeks immediate release from ICE custody and to be placed on an order of supervision until he is deported to his home country, Cuba, or to be given an opportunity to "secure a bond and place a bail."

The Court will require Respondents Bondi and Figueroa to answer the Petition.

**III.   Improper Defendants**

ICE, the USCIS, Board of Immigration Appeals, Ninth Circuit Court of Appeals, Office of Immigration Litigation, and Office of the Chief Counsel are not proper

respondents to a § 2241 Petition. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). The Court will therefore dismiss these Respondents.

**IV.  Warnings**

    **A.  Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.  Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C.  Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) Respondents United States Immigration and Customs Enforcement, Board of Immigration Appeals, United States Citizenship and Immigration Services, Ninth Circuit Court of Appeals, Office of Immigration Litigation, and Office of the Chief Counsel are **dismissed** without prejudice.

(3) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to

**TERMPSREF**

1 Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Bondi and Figueroa pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) Respondents Bondi and Figueroa must answer the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(6) Petitioner may file a reply within 30 days from the date of service of the answer.

(7) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 20th day of August, 2025.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge

**TERMPSREF**

- 4 -